ATTORNEY GENERAL HENRY HAS REQUESTED THAT I RESPOND TO YOUR LETTER SEEKING CLARIFICATION OF YOUR AUTHORITY TO COOPERATE IN THE IMPLEMENTATION OF THE "SYSTEMWIDE POLICY FOR INVESTMENT OF INSTITUTIONAL FUNDS" RECENTLY ISSUED BY THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION.
WITH A FEW EXCEPTIONS, OKLAHOMA STATUTES ARE SILENT WITH REFERENCE TO THE INVESTMENT OF SURPLUS FUNDS IN THE HANDS OF INSTITUTIONS OF HIGHER EDUCATION. FOR EXAMPLE, 70 O.S. 4004/70 O.S. 4306 PROVIDE FOR INVESTMENT OF GIFTS, DEVISES AND BEQUESTS BY INSTITUTIONS OF HIGHER EDUCATION BUT NO STATUTE EXISTS WHICH IS INSTRUCTIVE AS TO THE PROPER INVESTMENT OF OTHER FUNDS SUCH AS SPECIAL ACCOUNTS.
APPARENTLY CONCERNED THAT EARNINGS RECEIVED PURSUANT TO WIDELY VARYING INVESTMENT POLICIES OF UNIVERSITIES WERE INADEQUATE, THE OKLAHOMA REGENTS FOR HIGHER EDUCATION ADOPTED A "SYSTEMWIDE POLICY FOR THE INVESTMENT OF INSTITUTIONAL FUNDS". THE POLICY REQUIRED THAT ALL FUNDS IN AGENCY SPECIAL FUNDS AND AGENCY RELATIONSHIP FUNDS HE INVESTED THROUGH THE OFFICE OF THE STATE TREASURER TO MAXIMIZE RETURN ON INVESTMENT.
THE PROVISIONS OF 70 O.S. 3906 INSTRUCT THE REGENTS FOR HIGHER EDUCATION TO "ESTABLISH UNIFORM GUIDELINES AND CRITERIA FOR ALL INSTITUTIONS OF THE OKLAHOMA STATE SYSTEM FOR HIGHER EDUCATION FOR ALL SPECIAL ACCOUNTS, SPECIAL AGENCY ACCOUNTS, AS ANY OTHER FUNDS, AND FOR EXPENDITURES FROM SUCH FUNDS AND ACCOUNTS." THIS AUTHORIZATION WOULD APPEARS TO IMPLY THE POWER TO SET INVESTMENT GUIDELINES.
THE OKLAHOMA STATE REGENTS FOR HIGHER EDUCATION AS A CONSTITUTIONALLY CREATED ENTITY (ARTICLE XIII-A, SECTION 2) HAS TRADITIONALLY ENJOYED GREATER AUTONOMY THAN STATUTORILY CREATED BOARDS. FOR MANY YEARS, INDIVIDUAL INSTITUTIONS OF HIGHER EDUCATION HAVE MADE INDEPENDENT INVESTMENT DECISIONS ON FUNDS IN THE HANDS OF SUCH INSTITUTIONS, RETAINING ALL INTEREST EARNED THEREON. ONLY WITH THE ADVENT OF THE POLICY REFERENCED ABOVE HAVE INSTITUTIONS BEEN REQUIRED TO INVEST FUNDS THROUGH THE TREASURER'S OFFICE.
UNDER A STRICT READING OF 62 O.S. 203 (1981) ALL INTEREST EARNED ON FUNDS INVESTED THROUGH THE TREASURER'S OFFICE MUST BE DEPOSITED IN THE GENERAL REVENUE FUND. OBVIOUSLY, A STRICT READING OF SECTION 203 WOULD TOTALLY DEFEAT THE PURPOSE OF THE POLICY, I.E. TO EARN SUBSTANTIALLY HIGHER RETURN ON INVESTMENT FOR THE BENEFIT OF HIGHER EDUCATION. WHERE A LITERAL READING OF A STATUTE WOULD RESULT IN GREAT INCONVENIENCE AND ABSURD CONSEQUENCES, COURTS WILL ASSUME THAT SUCH CONSEQUENCES WERE NOT INTENDED OR CONTEMPLATED BY THE LEGISLATURE AND WILL THEREFORE ADOPT A CONSTRUCTION THAT IS REASONABLE. SEE E.G. STATE EX REL. WILLIAMS V. LONGMIRE, 281 P.2D 949 (OKLA. 1955).
COURT'S HAVE PREVIOUSLY HELD THAT CERTAIN FUNDS COMING INTO THE HANDS OF THE TREASURER ARE HELD IN TRUST AND THAT THE INTEREST ATTACHES TO THE PRINCIPAL. SEE, CITY OF OKLAHOMA CITY V. OKLAHOMA TAX COMMISSION, COURT OF APPEALS, DIVISION I, CASE NO. 68,405. SEE ALSO, E.G. INDEPENDENT SCHOOL DISTRICT 1 OF TULSA COUNTY V. BOARD OF COUNTY COMMISSIONER OF COUNTY OF TULSA, 674 P.2D 547 (OKLA. 1983). I BELIEVE THAT A COURT WOULD CONSIDER THIS SITUATION TO BE ANALOGOUS TO THE CASES ABOVE AND FIND THAT THE INTEREST IS PROPERLY PAID TO THE INSTITUTION AND NOT TO THE GENERAL REVENUE FUND. IT IS MY OPINION THAT A STRICT READING OF 62 O.S. 203 (1981) DICTATE THE ABSURD RESULT THAT HIGHER EDUCATION IN OKLAHOMA IS DENIED THE OPPORTUNITY TO EARN MUCH HIGHER RETURNS ON ITS INVESTMENTS BY ALLOWING ITS SPECIAL AGENCY FUNDS TO BE INVESTED WITH OTHER STATE FUNDS. SUCH A READING ALSO JEOPARDIZES THE CONSTITUTIONALITY OF 203 GIVEN THE PROHIBITION AGAINST DEVOTING TAXES COLLECTED FOR ONE PURPOSE TO ANY OTHER PURPOSE. SEE ARTICLE X, SECTION 19. THIS PROBLEM COULD ARISE IF OUR SUPREME COURT AFFIRMED THE COURT OF APPEALS' CONCLUSION THAT INTEREST FOLLOWS THE PRINCIPAL. IT IS UNLIKELY THAT THE LEGISLATURE INTENDED FOR SECTION 203 TO OPERATE AS AN INHIBITION TO INVESTMENT OF HIGHER EDUCATION FUNDS THROUGH THE TREASURER'S OFFICE.
HOWEVER, DUE TO THE FACT THAT THE LAW IS UNCLEAR IN THIS AREA, I RECOMMEND THAT SPECIFIC STATUTORY LANGUAGE BE ADOPTED TO CLARIFY THE AUTHORITY OF THE TREASURER AND REGENTS TO PURSUE THIS POLICY.
(DOUGLAS B. ALLEN)